# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CR-19-49-G |
| ) | |
| **NATALIE DAWN HALBERT,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Now before the Court are Defendant Natalie Dawn Halbert's Motions (Doc. Nos. 115, 118, 121), requesting that the Court vacate the special assessment imposed in her criminal judgment pursuant to the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014. The Government has filed Responses in opposition (Doc. Nos. 116, 119, 122).

    I.    *Background*

Defendant pled guilty to and was convicted of two counts of child sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594. In her plea petition, Defendant affirmed her understanding that "[t]he judge must impose a special assessment for each count" and that "the total amount of special assessment is $10,200.00," due at the time of sentencing. Plea Pet. (Doc. No. 54) at 6. The Final Presentence Investigation Report ("PSR," Doc. No. 68) also noted the mandatory JVTA assessment. *See id.* ¶ 150.

No objection to imposition of a special assessment was raised at sentencing. Defendant was sentenced to 216 months' imprisonment on each count, to run concurrently,

followed by 5 years of supervised release on each count.  *See* J. (Doc. No. 87) at 2-3.  The sentence included a $10,000.00 special assessment under the JVTA.  *See id.* at 7.

   II. Discussion

The JVTA prescribes that "the court shall assess an amount of $5,000 on any non-indigent person . . . convicted of an offense under . . . chapter 77."  18 U.S.C. § 3014(a).  Because Defendant's statutes of conviction, 18 U.S.C. §§ 1591 and 1594, fall within Chapter 77, Defendant is subject to this special assessment unless she can prove her indigent status.  *See United States v. Janatsch*, 822 F. App'x 806, 810-11 (10th Cir. 2018); *United States v. Glass*, No. CR-20-105-JD, 2024 WL 2000650, at *2 (W.D. Okla. May 6, 2024).

Defendant argues that, based upon her financial and educational status as reflected in the presentencing report, her prior inability to pay a fine, and her qualification for appointment of counsel, she should not be subject to the JVTA special assessment.  The Court sees nothing in Defendant's motions, however, warranting reconsideration of the Court's prior determination.  Although Defendant is incarcerated,

> "a district court must impose the assessment unless it finds the defendant could not pay it today—or at any point for the next twenty years." [*United States v. Matalka*, 788 F. App'x 273, 273-74 (5th Cir. 2019)] (quoting *United States v. Streaty*, 735 F. App'x 140, 141 (5th Cir. 2018)); *see also United States v. Bonilla*, 743 F. App'x 210, 216 (10th Cir. 2018) (affirming JVTA special assessment and noting that "circuit courts have approved of considering future earning capacity when determining if a defendant is indigent for purposes of a special assessment under § 3014"); *United States v. Easterling*, 811 F. App'x 306, 310 (6th Cir. 2020) (affirming JVTA special assessment "even though Easterling most likely will spend the rest of his life in prison," because "incarceration does not necessarily mean that he cannot earn money in the future").

*United States v. Coulter*, No. CR-18-156-D, 2024 WL 388132, at *6 (W.D. Okla. Feb. 1, 2024), *appeal docketed*, No. 24-6026 (10th Cir. Feb. 14, 2024); *accord Glass*, 2024 WL 2000650, at *3 (citing cases); *cf.* U.S.S.G § 5E1.2(a) (providing that a "court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and *is not likely to become able to pay* any fine" (emphasis added)).

As stated by the Government, Defendant is currently 41 years of age and has served approximately 66 months of her 216-month sentence. The Bureau of Prisons website currently shows a release date of May 24, 2034, which would make Defendant 51 years old upon release. Defendant "could realistically be able to work and pay" the special assessment "after she is released." *Glass*, 2024 WL 2000650, at *4. Further, this Court has rejected the proposition that either qualification for court-appointed counsel or an inability to pay a fine establishes indigency under the JVTA. *See id.* Defendant therefore has not established that she is indigent for purposes of that statute.

## CONCLUSION

For all of these reasons, Defendant's Motions to Vacate the JVTA Assessment (Doc. Nos. 115, 118, 121) are DENIED.

IT IS SO ORDERED this 9th day of August, 2024.

_____
CHARLES B. GOODWIN
United States District Judge